IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 05-00160-01-CR-W-NKL |
| ) | |
| DUJUAN A. JOHNSON, ) | |
| ) | |
| Defendants. ) | |

ORDER

On September 13, 2005, Sarah W. Hays, United States Magistrate Judge, recommended [Doc. # 24] that this Court enter an order finding that Defendant Dujuan A. Johnson ("Johnson") is not currently suffering from a mental disease or defect which would prevent him from understanding the nature and consequences of the proceeding against him or assisting in his own defense and that he is competent to stand trial. The parties have filed no objections to the recommendation. After a *de novo* review of the record, the Court is convinced that the recommendation[1] of the Magistrate is correct and should be adopted.

On April 20, 2005, Johnson was charged by Indictment with knowingly making a false and fictitious written statement in connection with the acquisition of a firearm from

---

[1] After a *de novo* review of the record, much of the Court's Order is adopted from the Magistrate's Report and Recommendation without quotation designated.

1

a Wal-Mart store after falsely representing that he had not been convicted of a felony. The Defendant was ordered to undergo a psychiatric examination after defense counsel informed the Court that Defendant had been diagnosed with several psychiatric illnesses in the past that may affect his competency.

A hearing was held on August 31, 2005, at which time the parties stipulated to the contents of the report prepared by Patricia Hyatt, a Forensic Psychologist. Defendant was diagnosed as follows:

> Axis I: V65.2 Malingering
> Axis II: 301.7 Antisocial Personality Disorder
> Axis III: Deferred

(Report at 12.)

In discussing the Malingering diagnosis, the examiner noted that evidence from behavioral observations, collateral information, and testing results suggested that the Defendant was attempting to falsely present himself as having a thought disorder, memory problems, and extremely low intellectual ability. (Report at 12.) The examiner was of the belief that Defendant's motivation appeared to be his belief that the charges would be dropped if he was found mentally incompetent. *Id.* The examiner concluded that:

> [T]here is no objective evidence to indicate Mr. Johnson suffers from a mental disease or defect that would substantially impair his present ability to understand the nature and consequences of the court proceedings brought against him, or substantially impair his ability to assist counsel in his defense.

(Report at 13.)

After reviewing the whole record *de novo*, the Court concludes that Johnson is not currently suffering from a mental disease or defect which would prevent him from understanding the nature and consequences of the proceeding against him or assisting in his own defense and that he is competent to stand trial.

Accordingly, it is hereby

ORDERED that the Magistrate's Report and Recommendation [Doc. # 24] is adopted.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: October 12, 2005
Jefferson City, Missouri